United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-51140
Summary Calendar

JESUSITA R. MANCERA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. SA-00-CV-1438-OG)

_____

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jesusita R. Mancera, represented by counsel, appeals the

determination of an administrative law judge (ALJ) that she is not disabled and therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is not entitled to Social Security benefits. She brought this appeal in district court, pursuant to 42 U.S.C. § 405(g), that court upholding the ALJ's decision. We likewise conclude that the ALJ did not err in denying Mancera benefits and thus affirm the judgment below.

1. Mancera argues that the ALJ erred in not ordering a consultive exam for her mood disorder. A consultive exam is necessary only if the claimant's own medical sources are insufficient to determine whether the claimant is disabled. See 20 C.F.R. § 404.1517. The record before the ALJ indicated that pain from Mancera's chronic hip and back conditions awakened Mancera at night, leaving her fatigued and making it difficult to perform daily activities. One of Mancera's doctors concluded that Mancera's inability to function resulted in her depressive symptoms. The ALJ also cited the treatment summary prepared by Mancera's therapist. That summary indicates that Mancera exhibited a number of symptoms related to her mood disorder, "including the lack of enjoyment of activities, crying, difficulty with decision making[,] and [] irritability." However, the record also indicated that Mancera was no longer under the care of a mental health professional and that Mancera's mood disorder imposed only a slight restriction on her daily activities. Further, the Psychiatric Review Technique Form, appended to the ALJ's decision, concluded that Mancera seldom experienced deficiencies in concentration, persistence, or pace which impeded her ability to complete her work on time. This evidence was sufficient to support the ALJ's conclusion that Mancera's mood disorder was not disabling. Further, Mancera has not identified any aspect of her mood

2

disorder that was overlooked or would otherwise support a finding of disability. See

Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000) ("This Court will not reverse the

decision of an ALJ for failure to fully and fairly develop the record unless the claimant

shows that he or she was prejudiced by the ALJ's failure."). The ALJ did not therefore

err in failing to order a consultive exam.[1]

2.      Mancera argues that the ALJ's hypothetical question to the vocational

expert, which asked whether Mancera had any residual functional capacity in light of her

impairments, failed to take into account symptoms from her mood disorder. This court

has held that it is reversible error to rely on the opinion of a vocation expert regarding the

claimant's residual functional capacity if the expert did not take into account all the

claimant's impairments. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). The

vocational expert in this case identified three jobs of which there were a significant

number of positions in the national economy that Mencera was capable of performing,

Mencera's chronic hip and back disorders notwithstanding. The vocational expert also

concluded that someone like Mencera could still perform these jobs, taking into account a

below average ability to maintain attention and concentrate. When asked by Mencera's

attorney, the vocational expert stated that someone with a "marked" inability to maintain

attention and concentrate would be excluded from performing the identified jobs.

---

[1]      Because we conclude that the ALJ had before her an adequately-developed record
to decide whether Mancera was disabled, we also conclude that the ALJ did not err in not
recontacting Mancera's medical sources. See 20 C.F.R. § 404.1512(e).

However, the record contains no evidence suggesting that Mancera has an impairment of that severity. We conclude that ALJ's determination regarding Mancera's residual vocational capacity did not rely on incomplete or deficient evidence.[2]

3.     Mancera contends that the ALJ failed to give due consideration to her complaints of subjective symptoms. The ALJ is required to take into account the claimant's subjective complaints (e.g., pain). See 20 C.F.R. § 404.1529(a). Any finding that the claimant's statements about these symptoms is not credible must be based on specific reasons and supported by evidence. See S.S.R. 96-7p, at 4. Mancera testified that she was capable of only limited household work and that she relied on her husband and daughter to do chores and run errands. She claimed that walking caused her pain that she could not bend over. The ALJ agreed that Mancera had substantial limitations on her functional capacity. At the same time, the ALJ found that Mancera's statements that her impairments precluded any work whatsoever were "not entirely credible." This latter conclusion was supported by medical evidence: four physicians--including Mancera's own treating physician--found that Mancera had at least some residual vocational capacity. Mancera's contention that she is capable of no work at all cannot be squared

---

[2]     Mancera also argues that the ALJ erred in failing to take into account the combined effects of all her impairments when determining her vocational capacity. See 20 C.F.R. § 404.1523 (requiring the ALJ to also consider impairments that by themselves would not be considered severe). As noted above, however, the ALJ's determination did consider symptoms from Mancera's mood disorder, an impairment which the ALJ found was non-disabling. There was no medical evidence that Mancera's mood disorder posed an otherwise greater limitation or that Mancera had another non-severe impairment that the ALJ failed to take into account.

4

with this objective medical evidence.  Accordingly, the ALJ did not err in attributing less weight to Mancera's subjective claims.  <u>See</u> 20 C.F.R. § 404.1529(c)(4).

AFFIRMED.